IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                    No. CR 10-00405 KG

ARMANDO MARRUFO,

       Defendant.

### ORDER DENYING DEFEDANT'S PRO SE RULE 36 MOTION

**THIS MATTER** is before the Court on the Defendant, Armando Marrufo's Pro Se Rule 36 Motion (Doc. 49). The Court lacks jurisdiction to order the relief Marrufo requests and will deny the Motion on that basis.

Marrufo asks the Court to "correct or clarify" his sentence under Fed. R. Crim. P. 36 to state that his November 8, 2010, sentence imposed by this Court runs concurrently to the September 25, 2014, sentence imposed on him by the State courts of New Mexico. (Doc. 49 at 5-6). Rule 36 states:

> "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Marrufo is not entitled to relief under rule 36. The determination of whether a federal sentence will run concurrently with a later-imposed state sentence is not a clerical error but, instead, is a modification of the previously imposed sentence. A district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. *United States v. Green,* 405 F.3d 1180, 1184 (10th Cir.2005). A

1

motion for sentence modification that is not a direct appeal or collateral attack under 28 U.S.C. § 2255 depends entirely on authority granted by 18 U.S.C. § 3582(c). *United States v. Smartt,* 129 F.3d 539, 540 (10th Cir. 1997).

Section 3582(c) authorizes courts to modify a sentence of imprisonment under three circumstances: (1) when the director of the Bureau of Prisons (BOP) moves for modification of the sentence for reasons enumerated in 18 U.S.C. § 3582(c)(1)(A); (2) when modification is permitted under Fed. R. Crim. P. 35 and 18 U.S.C. § 3582(c)(1)(B) to promptly correct a clear error or to reduce the sentence for substantial assistance; and (3) when the Sentencing Commission has reduced the applicable guidelines range after the defendant was sentenced pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Jones,* 515 Fed.Appx. 783, 784 (10th Cir.2013). The BOP did not move to modify Maruffo's sentence and Maruffo has not identified any post-sentencing reduction of the applicable guidelines range. Rule 35 also does not authorize the concurrent sentencing that Maruffo seeks. There is no indication of clear error on the record and the government has not moved for a reduction based on substantial assistance. *See* Fed. R. Crim. P. 35(a) and (b). The Court lacks jurisdiction because none of the circumstances enumerated by section 3582 exist in Maruffo's case.

The discretion to determine that a federal sentence will run concurrently with a later-imposed state court sentence belongs only to the BOP, not this Court. *See Barden v. Keohane,* 921 F.2d 476 (3rd Cir.1990). The BOP exercises such power through a *nunc pro tunc* designation of the state prison as the place of the prisoner's federal imprisonment for the duration of the state sentence, which has the effect of making the two sentences run concurrently. *Id.;* 18 U.S.C. § 3621 (b). Only the BOP has the authority to designate a state prison *nunc pro tunc* as a place of federal confinement for the purpose of determining whether a prisoner is

entitled to credit against his federal sentence, even though the federal sentencing court did not order the sentences to be served concurrently, where the federal sentence was imposed before the state sentence and the state judge clearly intended that the sentences be served concurrently. *Barden v. Keohane,* 921 F.2d 476 (3rd Cir.1990).

Maruffo was sentenced on November 8, 2010, and Judgment was entered November 24, 2010. (Doc. 37, 38). Maruffo's State court sentence was imposed on September 25, 2014. (Doc. 49 at 8. The federal sentencing court lacks the power to order concurrency after the imposition of its original sentence and the later imposition of a state court sentence. *Barden,* 921 F.2d at 483. Under 18 U.S.C. § 3621(b), only the BOP has the power to make the designation requested by Maruffo and this Court lacks jurisdiction to grant Marrufo's Pro Se Rule 36 Motion.

**IT IS ORDERED** that Defendant, Armando Marrufo's Pro Se Rule 36 Motion (Doc. 49) is **DENIED** based on lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE